UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LARON JAMES,

Plaintiff,

v.

CITY OF GRAND RAPIDS, et al.,

Defendants.

Case No. 1:26-cv-1662

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff sues a group of individuals, who are mostly associated with the City of Grand Rapids Police, the Michigan State Police, and the Kent County Correctional Facility (KCCF). Plaintiff sues several private and public entities as well. Plaintiff's Complaint lists sixty-four claims, which allege constitutional violations occurring over a thirteen-month period between July 2024 and August 2025. Generally, Plaintiff challenges his arrest on July 8, 2024; conditions of confinement, medical treatment, and retaliation arising out of pretrial detention at KCCF; and circumstances arising from the pretrial and trial proceedings in the Kent County Circuit Court that resulted in his conviction.

On July 23, 2026, the Magistrate Judge issued a Report and Recommendation (ECF No. 13), recommending that all but one claim in this action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B) on grounds that the complaint misjoined various Defendants and failed to state a claim upon which relief may be granted. The matter is presently

before the Court on Plaintiff's Objections to the Report and Recommendation (ECF No. 15). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff does not raise any objections to the Magistrate Judge's articulation of the standard of review. However, because the standard of review is relevant when evaluating Plaintiff's Objections, the Court notes that the Magistrate Judge correctly described the standard of review for joinder under Federal Rules of Civil Procedure 18 and 20 (R&R, ECF No. 13 at PageID.104–106) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (*id.* at PageID.109–110). As relevant to Plaintiff's Objections regarding the Magistrate Judge's determinations under Rule 12(b)(6), the Magistrate Judge did not err in stating that "a complaint must contain 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"'" (*id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Magistrate Judge was also correct to consider conclusory allegations as insufficient to satisfy the plausibility standard (*id.* at PageID.110). That said, Plaintiff makes essentially twelve objections to the Report and Recommendation, which the Court addresses in order.

*First*, Plaintiff asserts that the Magistrate Judge erred by dismissing the KFFC Defendants as misjoined because "these same types of conspiracy theories and constitutional violations with [Defendants] has [sic] been an ongoing issue(s) throug[h]out this City and Justice System" (Pl.'s Objs., ECF No. 15 at PageID.153). Nonetheless, Plaintiff concedes that he "may have improperly misjoined multiple Defendant(s) within his complaint" yet asks the Court not to dismiss the KFFC Defendants because "to dismiss the complaints against these Defendant(s) would very well[] put

into question the integrity of the Constitution" (*id.* at PageID.154). Plaintiff does not explain why properly dismissing the misjoined Defendants would violate the Constitution and therefore identifies no error in the Report and Recommendation's misjoinder analysis.

*Second*, Plaintiff contends the Magistrate Judge wrongly described the provision under Michigan law pursuant to which Plaintiff was convicted (Pl.'s Objs., ECF No. 15 at PageID.156). The Magistrate Judge described the offense as possession of a controlled substance with intent to deliver (R&R, ECF No. 13 at PageID.110–111), whereas Plaintiff describes the offense as delivery and manufacturing of a controlled substance (Pl.'s Objs., ECF No. 15 at PageID.156). Plaintiff is correct; as the public records that the Magistrate Judge cited in the Report and Recommendation show, Plaintiff was convicted of delivery and manufacturing of a controlled substance (R&R, ECF No. 134 at PageID.111 n.3). However, Plaintiff does not explain how this mistake invalidates the Report and Recommendation's conclusion that Plaintiff fails to state a claim for relief.

*Third*, Plaintiff argues that the Magistrate Judge erred in concluding that *Miranda v. Arizona*, 384 U.S. 436 (1966), is not a basis on which Plaintiff can recover (Pl.'s Objs., ECF No. 15 at PageID.156–157). According to Plaintiff, "a statement made to detectives about evidence that was destroyed during incident was used to convict" Plaintiff (*id.* at PageID.156). But Plaintiff does not point the Court to any corresponding allegation in Plaintiff's Complaint. Moreover, the Magistrate Judge correctly noted that even if a statement obtained in violation of *Miranda* were used at Plaintiff's trial, Plaintiff could not recover for this injury under *Heck v. Humphry*, 512 U.S. 477 (1994) (holding that a plaintiff cannot recover damages related to an allegedly wrongful conviction in an action under 42 U.S.C. § 1983 without first invalidating that conviction outside the § 1983 suit) and *Vega v. Tekoh*, 597 U.S. 134 (2022) (holding that a plaintiff cannot recover under 42 U.S.C. § 1983 for a violation of *Miranda*) (R&R, ECF No. 13 at PageID.115 n.5).

*Fourth*, Plaintiff attributes error to the Magistrate Judge's conclusion that his Fourth Amendment rights were not violated when various Defendants allegedly destroyed Plaintiff's cellphone during Plaintiff's arrest (Pl.'s Objs., ECF No. 15 at PageID.156–157). The Magistrate Judge reasoned that because Plaintiff did not allege that any Defendants actually broke into his cellphone, they merely seized his phone incident to arrest, which was lawful (R&R, ECF. 13 at PageID.114–115). Plaintiff represents in his Objections that these Defendants also searched the contents of his cellphone (Pl.'s Objs., ECF No. 15 at PageID.156–157). Nevertheless, because Plaintiff does not identify any corresponding allegation in his Complaint, the Court cannot conclude that the Magistrate Judge made any error.

*Fifth*, Plaintiff believes the Magistrate Judge was incorrect to dismiss Plaintiff's Fourth Amendment excessive force claims as conclusory (Pl.'s Obj., ECF No. 15 at PageID.157, 162–163, referencing R&R, ECF No. 13 at PageID.115). Plaintiff's Objections contain similarly conclusory representations but identify no non-conclusory allegations of excessive force in Plaintiff's Complaint (*id.*). Thus, the Magistrate Judge was correct to determine that Plaintiff does not state a Fourth Amendment excessive force claim.

*Sixth*, Plaintiff asserts that the Magistrate Judge was wrong to recommend dismissal of Defendant Eric Winstrom, the former Grand Rapids Police Chief (Pl.'s Objs., ECF No. 15 at PageID.157–158). The Magistrate Judge reasoned that because Plaintiff did not allege that Defendant Winstrom was personally involved in any incident described in the Complaint, Defendant Winstrom could not be liable as a supervisor of others who allegedly violated Plaintiff's constitutional rights (R&R, ECF No. 13 at PageID.117–118). Although Plaintiff's Objections state that Defendant Winstrom "was involved himself in multiple incidence [sic]" (Pl.'s Objs., ECF No. 15 at PageID.158), Plaintiff does not cite any allegation in his Complaint that describes, in non-

conclusory terms, how Defendant Winstrom was personally involved in any alleged constitutional violation. Therefore, Plaintiff has identified no error in the Report and Recommendation with respect to Defendant Winstrom.

*Seventh*, Plaintiff argues that Defendant Sergent Ryan Manser violated Plaintiff's constitutional rights by impersonating Defendant Detective Ross Vandenberg during Plaintiff's arrest, thereby "providing misinformation to take liberty and freedom from an innocent man" (Pl.'s Objs., ECF No. 15 at PageID.159). The Magistrate Judge did not err when concluding that *Heck* prevents Plaintiff from pursuing a claim based on these or similar allegations because, if true, they would invalidate Plaintiff's conviction (R&R, ECF No. 13 at PageID.111, 113–115).

*Eighth*, Plaintiff broadly challenges the process and result of his criminal proceedings in state court (Pl.'s Objs., ECF No. 15 at PageID.159–161). However, because Plaintiff's Complaint did not directly attack the validity of Plaintiff's conviction and sentence, the Magistrate Judge correctly did not address this issue (*see* R&R, ECF No. 13 at PageID.114).

*Ninth*, Plaintiff contends that the Magistrate Judge erred by dismissing his claims against Defendants Parole Agent Charles Ruffin and his supervisor Janelle Freeman, who allegedly were involved in Plaintiff's parole revocation proceedings (Pl.'s Objs., ECF No. 15 at PageID.163–166, referencing R&R, ECF No. 13 at PageID.119). From Plaintiff's perspective, these claims should survive because Defendants Ruffin and Freeman caused Plaintiff's parole revocation hearing to lack due process (*id.*). But as the Magistrate Judge rightly concluded, Plaintiff's allegations surrounding his parole revocation proceedings are too vague and conclusory to state a claim for relief.

*Tenth*, Plaintiff disagrees with the Magistrate Judge's assessment that Plaintiff's claims against judicial officers are barred by absolute judicial immunity (Pl.'s Objs., ECF No. 15 at

PageID.166, referencing R&R, ECF No. 13 at PageID.120–121). Plaintiff believes that his allegations fit an exception to absolute judicial immunity because it is not a "traditional function" of a judge to have a "corrupt intent" (*id.*). Nonetheless, the Court agrees with the Magistrate Judge that Plaintiff fails to state a claim against the Judicial Defendants that falls within any exception to absolute judicial immunity.

*Eleventh*, Plaintiff argues, contrary to the Magistrate Judge's conclusion (R&R, ECF No. 13 at PageID.122), that Plaintiff has adequately alleged an exception to prosecutorial immunity (Pl.'s Objs., ECF No. 15 at PageID.167–168). But Plaintiff does not cite to any non-conclusory allegations in the Complaint that establish such an exception (*id.*). Hence, Plaintiff identifies no error in the Magistrate Judge's analysis on prosecutorial immunity.

*Lasly,* Plaintiff alleges that Defendant Fillipe S. Iorio, Plaintiff's lawyer during his criminal proceedings, violated his constitutional rights (Pl.'s Objs., ECF No. 15 at PageID.169). Nevertheless, Plaintiff does not address the Magistrate Judge's correct description of the law that Plaintiff's attorneys were not acting under color of state law during his criminal proceedings and therefore cannot be liable 42 U.S.C. § 1983 (R&R, ECF No. 13 at PageID.123–124).

In sum, Plaintiff does not explain how the Magistrate Judge erred in the Report and Recommendation. Therefore, all Plaintiff's objections are denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 15) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's misjoined claims (Claims 24–30, 34, 37, 38, 42–44, 47–53, 55, 57 & 61–65) against Defendant Kent County, Defendant Michelle LaJoye-

Young, Defendant Vitalcore Health Strategies, and all other Kent County Defendants are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims—except his claim against Defendant Manser for failure to provide him a timely probable cause hearing (Claim 11)—are DISMISSED for failure to state a claim.

**IT IS FURTHER ORDERED** that the U.S. Marshal shall serve Defendant Manser.

This case proceeds against Defendant Manser alone.

Dated: September 14, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge